# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v | :  3:CR-17-156 |
| **MARK KOMOROSKI** | :  (Judge Mannion) |
| **Defendant** | : |

# O R D E R

The court, having reviewed the objections to the pre-sentence report filed by defendant's counsel, the sentencing memoranda filed by both counsel and having held oral argument, makes the following determinations:

1) The objection to ¶13, requesting the court strike any reference to the facts surrounding the defendants possession of ammunition is **DENIED.** The court finds that the enumerated facts are appropriately included as relevant conduct setting forth the scope of the defendant's activities during the time frame of the indictment.

2) The objections to ¶20, ¶29, and ¶49, requesting the court apply USSG §2M5.1(a)(2) with a base offense level of 14 rather than USSG 2M5.1(a)(1) with an offense level of 26 is **GRANTED.** The court finds, apparently unlike the government, that there is a distinction between items listed on (50 U.S.C. App §2404) Export

Administration Act §§ 5 and 6 of the Commerce Control List. More particularly, that those items chosen to be listed in section 5 relate to national security controls (requiring consultation with the Secretary of Defense), while those listed in section 6 relate to Foreign Policy Controls apparently do not. The court also disagrees with the government's conflation of national security and foreign policy reasons. As noted in the legislative history, Congress appeared to desire a clear delineation of the purposes, criteria and procedures in national security v. foreign policy.

Having determined that sections 5 and 6 of the Commerce Control List are not merely redundant sections which the government can merely classify as "national security," the government's own classification system would seem to also rebut their argument. The materials in question were given Export Control Classification Number (ECCN) 0A987 by the government. These are not random serial numbers but rather coded descriptions of the applicable control regulations. The important number is "9" which both sides agree identify this material as firearms or crime control. The government lays out in its brief the numerous separate categories the Export Administration Regulations have identified, including ones for "National Security Reasons" yet the materials in question here have been identified within Supplement No. 1 to Part 774 of the regulation as

controlled for Firearms Control (FC), Crime Control (CC) and Embargoes and Other Special Controls (UN), *not* National Security (NS).

Finally, as noted by the defense, if the government's interpretation of the classification is correct, then the same guideline would apply for "..horses by sea (ECCN 0A980), unprocessed cedar (ECCN 1C988), whips (ECCN 0A978) and cattle prods [(ECCN)] 0A985 ... as would be imposed on an unlicensed export of dangerous human pathogens ... triggered spark gaps used to detonate nuclear weapons ... and (stealth technology)." This, of course, makes little sense.

In light of the foregoing, the objections to the pre-sentence report having been resolved, the court directs the probation office to recalculate the sentencing guidelines consistent with the above and serve the new calculation upon the parties. After service by the probation office the court will re-schedule sentencing in the above captioned case.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: December 11, 2019

17-156-08